AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: NORTHERN | |
|---|---|---|
| Name (under which you were convicted): <br> MASON DALE-RAY MUNOZ | | Docket or Case No.: <br> 7-25CV-011-0 |
| Place of Confinement : <br> PRESTON E. SMITH UNIT, TDCJ_CID | | Prisoner No.: <br> 02383259 |
| Petitioner (include the name under which you were convicted) <br> MASON DALE-RAY MUNOZ | v. | Respondent (authorized person having custody of petitioner) <br> TDCJ - BRIAN COLLIER |
| The Attorney General of the State of: TEXAS | | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 6 2025

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

 46th DISTRICT COURT, WILBARGER COUNTY, TEXAS, VERNON, TEXAS

_____

     (b) Criminal docket or case number (if you know): 12,579

2.   (a) Date of the judgment of conviction (if you know): 02/09/2022

     (b) Date of sentencing: 02/09/2022

3.   Length of sentence:  COUNT ONE:  99 years; COUNT TWO: 99 years

4.   In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: AGGRAVATED SEXUAL
ASSAULT TWO COUNTS

_____
_____
_____
_____
_____

6.   (a) What was your plea? (Check one)

|   | ☒ (1) | Not guilty | | ☐ (3) | Nolo contendere (no contest) |
|---|---|---|---|---|---|
|   | ☐ (2) | Guilty | | ☐ (4) | Insanity plea |

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    COURT OF APPEALS OF TEXAS, SEVENTH DISTRICT, AMARILLO

(b) Docket or case number (if you know):    07-22-0047-CR

(c) Result:    AFFIRMED

(d) Date of result (if you know):    02/21/2022

(e) Citation to the case (if you know):    MUNOZ V STATE, TEX. APP. LEXIS 1160

(f) Grounds raised:    Abuse of Discretion, denying a jury charge for: lessor included offense of sexual assault; lessor included offense for indecency by exposure, and instruction regarding effective consent. Also, abuse of discretion by admitting into evidence a note written by the victim before she met with appellant.

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    TEXAS COURT OF CRIMINAL APPEALS

(2) Docket or case number (if you know):    PD-0152-23

(3) Result:    RESFUSED

AO 241 (Rev. 09/17)

(4) Date of result (if you know): 04/05/2023

(5) Citation to the case (if you know): IN RE MUNOZ, 2023 TEX. CRIM. APP.

(6) Grounds raised: LEXIS 217

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: TEXAS COURT OF CRIMINAL APPEALS

(2) Docket or case number (if you know): WR-95,545-01

(3) Date of filing (if you know): 12/11/2023

(4) Nature of the proceeding: WE WRIT OF HABEAS CORPUS

(5) Grounds raised: Ineffective Assistance of Counsel - failure to investigate, failure to fully inform defendant of the evidence against him in consideration of plea offer, failure to object to extraneous offenses and juvenile evidence, and failure to raise insufficient evidence claim on appeal.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result: DENIED WITHOUT WRITTEN ORDER

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _06/19/2024_____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _TEXAS COURT OF CRIMINAL APPEALS_____

(2) Docket or case number (if you know): _12,579-B_____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _WRIT OF HABEAS COURPUS_____

(5) Grounds raised: _Brady violation of due proscess by intentionally_
_hiding video evidence of the crime.  Ineffective assistance of counsel_
_failure to investigate._____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _Still Pending (see attached Exhibit "A")_____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☒ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   Ineffective Assistance of Counsel - failure to investigate.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Supporting facts are attached following this page.

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

GROUND ONE SUPPORTING FACTS: Trial counsel was ineffective when he failed to investigate this case. As part of discovery, the state disclosed to the defense:

1.  Actual Video of the sexual assault.
2.  A police report from the responding officer
3.  Child Advocacy interview of the victim.

The only avenue of defense for the defendant was to secure a lessor included offense instruction for the jury. The defendant in this case was willing to plead to the lessor included offense. Trial counsel, during trial, requested a lessor included offense but the motion was denied because there was not sufficient evidence presented at trial to warrant the instruction.

Appellant admits the assault but disputes the agravating factors. The actual video disputes the testimony of the complainant as to the agravating factors. The complainant claims she was threatened and was fearful and crying during the assault but the video of the assault disputes this claim. The complainant, during trial makes statements that are inconsistent with the statements made to the responding officer and reflected in his report. Complainant makes statements during trial that are inconsistent with statements she made to the child advocacy interviewer, specifically concerning the agravating factors. The child advocacy interviewer, in her report, noted that the complainant changed her story and her statements were inconsistent. The responding officer, in his report, stated he felt like the complainant was not telling the truth. Trial Counsel never investigated the video though he was aware of it's existence, he never interviewed the responding officer to determine what more he might be able to testify to, nor did trial counsel cross examine the complainant based on the statements made to this responding officer. Trial counsel did not interview the Child advocacy interviewer or call her as a witness to dispute the aggravating factors. Each of these avenues, had they been presented to the jury, could have been the "scintilla" of evidence needed in order to secure a lessor included offense instruction to the jury. This was the defendant's only defense and counsel's failures to present any evidence to that end prevented that defense to advance.

Trial counsel, in his affidavit, claims he "subpoenaed all witnesses known to him prior to trial." but in his state habeas application, appellant complains that he failed to subpoena the responding officer who's report reflects the absence of aggravating factors. Trial counsel never did explain why no subpoena was issued for this officer. Testimony by this officer was required in order to flesh out the facts that he had discovered during the initial interview of the complainant. It has been said that these first statements tend to be the most accurate and truthful. Also, when one examines the subpoenas issued by the defense, it becomes apparant that none of the individuals subpoenaed were requested for the guilt/innocence phase of the trial. They were all character witnesses for the punishment phase.

The complainant, in her testimony, claims she was crying, screaming and fighting back during the entirety of the assault but the video shows no crying, screaming or fighting. On the contrary, the video of the assault suggests a level of cooperation and calm communication during the episode.

In the trial, the state made a case for the defendant's guilt and trial counsel failed to submit evidence to the contrary when it was available and at his disposal because he failed to do the basic investigation necessary to ascertain what his best course of action should be. The standard is low for a "scintilla" of evidence, but trial counsel failed to conduct minimal effort to meet this standard. Had the jury heard evidence from the responding officer, been allowed to view the video, or heard testimony from the child advocacy interviewer, they would have had a more balanced portfolio of evidence to weigh in determining whether the defendant was guilty of "aggravated sexual assault". They would have heard evidence that would demand that a lessor included offense instruction be presented to the jury. Without this instruction, there is no confidence in this jury's outcome. This conviction cannot be relied upon and the state's determination to the contrary is based on an unreasonable determination of the facts in light of the evidence in the record.

AO 241 (Rev. 09/17)

(c)      **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why:   <u>Ineffective assistance of</u> <u>counsel claims cannot usually be raised in Direct Appeal in Texas.</u>

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:   <u>Writ of Habeas Corpus</u>

    Name and location of the court where the motion or petition was filed:   <u>46th District Court</u> <u>in Vernon, Wilbarger County, Texas</u>

    Docket or case number (if you know):   <u>WR-95,545-01</u>

    Date of the court's decision:   <u>06/19/2024</u>

    Result (attach a copy of the court's opinion or order, if available):   <u>Denied as recomendation</u> <u>order.</u>

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

    (4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:   <u>Texas Court of Criminal Appeals</u>

    Docket or case number (if you know):   <u>WR-95,545-01</u>

    Date of the court's decision:   <u>06/19/2024</u>

    Result (attach a copy of the court's opinion or order, if available):   <u>Denied without written</u> <u>order.</u>

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?           ☐  Yes    ☐  No

(4) Did you appeal from the denial of your motion or petition?      ☐  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes        ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐  Yes        ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                          ☐  Yes        ☐  No

(4) Did you appeal from the denial of your motion or petition?                     ☐  Yes        ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes        ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**     _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?         ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☒ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: _____

        _____

        _____

        _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        _____

        _____

        _____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐ Yes    ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised. _____

    _____

    _____

    _____

    _____

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐  Yes          ☐  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐  Yes          ☐  No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Appeals court affirmed the conviction on 02/21/2023. PDR refused on 04/05/2023. 90 days later, 07/05/2023, the one-year time limit begins. Post-conviction application was filed on 12/11/2023 under the Prison mailbox rule using the Indigent inmate mailing system thus tolling the time limit. The post-conviction application was denied on June, 19, 2024.

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

          (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

          (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _For a new trial that is_

_fair by the law._

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _January 16 2025_ (month, date, year).

Executed (signed) on _January 16 2025_ (date).

_Mason Dale Ray Munoz_
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Page 16 of 16

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

Mason Munoz 02385200
1313 County RD 19
Smith Unit
Lamesa, Texas 79331

LUBBOCK TX P&DF 794
WED 22 JAN 2025 PM
FREEDOM

NORTHERN DISTRICT OF Texas
Wichita Falls Division
1000 Lamar St, Rm 309
Wichita Falls, Texas 76301

RECEIVED
FEB - 6 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Legal

Legal

**RECEIVED**

FEB 05 2025

U.S. PROBATION
FORT WORTH, TEXAS

PRIVILEGED OFFENDER MAIL
MAY INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE / CORRECTIONAL
INSTITUTIONS DIVISION